IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH H. RICHARDSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0135-M |
| | § | |
| HUNT COUNTY DISTRICT COURT, | § | |
| ET AL. | § | |
| | § | |
| Respondents. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Kenneth H. Richardson, an inmate in the Hunt County Jail, has filed an application

for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application

should be dismissed without prejudice for failure to exhaust state remedies.

I.

On January 15, 2010, petitioner pled guilty to driving while intoxicated and was sentenced

to 180 days in jail. No appeal was taken. Nor did petitioner file an application for state post-

conviction relief. Instead, petitioner filed this action in federal district court.

As best the court can decipher his claims, petitioner appears to challenge his conviction on

the grounds that: (1) his guilty plea was unlawfully induced; (2) his confession was coerced; (3) the

prosecutor failed to disclose exculpatory evidence; and (4) he received ineffective assistance of

counsel. On February 26, 2010, the court sent written interrogatories to petitioner in order to

determine whether these claims were raised in state court. Petitioner answered the interrogatories

-1-

on March 5, 2010.  The court now determines that this case should be dismissed without prejudice for failure to exhaust state remedies.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b)(1).  This entails submitting the factual and legal basis of any claim to the highest available state court for review.  *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983).  To exhaust state remedies, a Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or application for writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).  A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

Petitioner has never presented any of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for state post-conviction relief.  (*See* Am. Hab. Pet. at 2, ¶ 10; Mag. J. Interrog. #3).  Because petitioner has failed to exhaust his state remedies, this case must be dismissed.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1);

-2-

FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  March 8, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE